## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

E.M., by and through her Next of Friend,
CHRISTOPHER MILLER,

      Plaintiff,

v.                                    CASE NO: 25-cv
                                       HON:

CHEYANNE KEENA, in her individual and official capacities, and
LAKE COUNTY,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

      **NOW COMES** Plaintiff, **E.M., by and through her Next of Friend, CHRISTOPHER**

**MILLER**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for

his Complaint against the above-named Defendants states as follows:

1.      Plaintiff and her Next of Friend are residents of the County of Lake, State of Michigan.

2.      Defendant CHEYANNE KEENA is and/or was a sheriff's deputy working for and/or

           assigned to the Lake County Sheriff's Office at all times mentioned herein and was acting

           under color of law, in her individual and official capacities, and within the course and scope

of her employment.

3.    Defendant LAKE COUNTY is a municipal corporation and/or governmental subdivision that is organized and existing under the laws of the State of Michigan.

4.    All events giving rise to this lawsuit occurred in the County of Lake, State of Michigan.

5.    This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

6.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7.    That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## **FACTS**

8.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9.    At the time of the subject incident, Plaintiff was a nine-year-old student at Baldwin Elementary School.

10.   At approximately 8:30 A.M. on September 30, 2024, Defendant KEENA responded to Baldwin Elementary School to find a crying and upset Plaintiff.

11.   There were no other children in the classroom besides the nine-year-old Plaintiff.

12.   Defendant KEENA did nothing to calm Plaintiff or attempt to de-escalate the situation, instead arguing with the sobbing the nine-year-old Plaintiff.

2

13.     The nine-year-old Plaintiff was not committing a crime, nor did Defendant KEENA have any cause to believe that Plaintiff had committed or would commit any crime.

14.     The nine-year-old Plaintiff did not strike, hit, or otherwise assault Defendant KEENA.

15.     The nine-year-old Plaintiff did not pose a danger to herself nor anyone else.

16.     Nonetheless, Defendant KEENA continued to escalate the situation, physically grabbed the sobbing and distraught nine-year-old Plaintiff, pulled her arms behind her back, restrained her, and placed her into handcuffs.

17.     Defendant KEENA then grabbed the nine-year-old Plaintiff from behind by her shoulders and shoved her down into a chair.

18.     Plaintiff complained that the handcuffs were too tight, but Defendant KEENA refused to loosen them.

19.     Plaintiff's parents arrived and took her to their home.

20.     Upon information and belief, Plaintiff completed a juvenile diversion program and no charges were ever filed against Plaintiff.

21.     As a result of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiff suffered significant injuries and damages including, but not limited to, marks and her wrists.

**COUNT I**
**42 U.S.C. § 1983**
**VIOLATIONS OF THE FOURTH AMENDMENT**

22.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23.     The Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures including, but not limited to, the

right to be free from the deprivation of life, liberty, and bodily security without due process of law, the right to be free from unreasonable searches and seizures the right to not be arrest or detained or imprisoned without probable cause, and the right to be free from the use of excessive and/or unreasonable force.

24.    At all relevant times herein, Defendant KEENA acted under color of law, within the scope and course of her employment, and in her official and individual capacities.

25.    Defendant KEENA violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution by seizing/arresting/imprisoning Plaintiff in the complete absence of probable cause to do so, and using unreasonable and/or excessive force against Plaintiff.

26.    At the time of the incident, Plaintiff was not committing a crime, serious or otherwise, did not pose a threat to Defendant KEENA nor anyone else, nor was Plaintiff attempting to flee or otherwise resist arrest.

27.    The actions and/or inactions of Defendant KEENA were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

28.    Defendant KEENA acted under color of law and is not entitled to qualified immunity because she violated Plaintiff's clearly established Fourth Amendment rights to be free to unreasonable searches and seizures.

29.    As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant KEENA, Plaintiff has a viable claim for compensatory and punitive

damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

<u>**COUNT II**</u>
<u>**CONSTITUTIONAL VIOLATIONS**</u>
<u>**DEFENDANT LAKE COUNTY**</u>

30.  Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

31.  Defendant LAKE COUNTY acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

32.  These customs and/or policies and/or practices included, but were not limited to, the following:

   a.  Failing to adequately train and/or supervise its law enforcement officers so as to prevent violations of citizen's constitutional rights;

   b.  Failing to adequately train and/or supervise its law enforcement officers regarding reasonable searches and seizures;

   c.  Failing to adequately train and/or supervise its law enforcement officers in interactions with students and/or children suffering mental and/or emotional and/or psychological disorders;

   d.  Failing to develop, implement, train its officers in, and/or supervise its officers regarding, adequate polices, customs, and/or procedures regarding its officers'

5

interactions with students and/or children suffering mental and/or emotional and/or psychological disorders;

e.  Failing to supervise, review, and/or discipline law enforcement officers whom Defendant LAKE COUNTY knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging their police officers to engage in such conduct; and

f.  Failing to adequately train and/or supervise its law enforcement officers in the proper policies and procedures for conducting reasonable searches and seizures.

g.  Failing to adequately screen its law enforcement officers prior to hiring which would have led reasonable decisions makers for Defendant LAKE COUNTY to conclude the plainly obvious consequence of their decision to hire certain law enforcement officer would be the deprivation(s) of citizens' federally protected constitutional rights, and that Defendant LAKE COUNTY knew, or should have known, that these law enforcement officers were highly likely to inflict the particular injuries suffered by Plaintiff as set forth herein.

h.  Failing to equip its law enforcement officers with specific tools to handle recurring situations.

33.  Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

34.  Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

35.  The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff

has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:**/s/ Jonathan A. Abent**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

Dated:  February 6, 2025
*JAA*

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

E.M., by and through her Next of Friend,
CHRISTOPHER MILLER,

      Plaintiff,

v.                                 CASE NO: 25-cv
                                  HON:

CHEYANNE KEENA, in her individual and official capacities, and
LAKE COUNTY,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

**<u>DEMAND FOR TRIAL BY JURY</u>**

**NOW COMES** Plaintiff, **E.M., by and through her Next of Friend, CHRISTOPHER MILLER**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:**/s/ Jonathan A. Abent_____**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shanna.suver@cjtrainor.com
Dated:  February 6, 2025    amy.derouin@cjtrainor.com
*JAA*                      jon.abent@cjtrainor.com